UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE HOLLIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FNU SHUMATE, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:11-cv-00747-AWI-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

　　Plaintiff Michael Eugene Hollis ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff began this action on May 10, 2011. (ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

　　For the reasons stated below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

//

## II.  SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

//

///

### III.  SUMMARY OF COMPLAINT[1]

Plaintiff alleges violations of Due Process, Equal Protection, and the Eighth and First Amendments.  Plaintiff names FNU Shumate and FNU Oliver as Defendants.

Plaintiff alleges the following:  On a date not specified, Plaintiff had surgery for osteoarthritis and was prescribed pain medication.  On August 19, 2008, Plaintiff, who is a disabled American, arrived at Fresno County Jail.  Plaintiff was mis-classified and placed in a unit with stairs.  He was forced to climb stairs without his medication.  Plaintiff was denied his medication from August 19, 2008 until August 23, 2008.

On September 1, 2008, Plaintiff was seen by a nurse about his knee.  She recommended that he be examined by a doctor.  Later that same day, Plaintiff was re-classified and housed in the correct housing unit without stairs.

On September 2, 2008, Defendant Shumate re-housed Plaintiff in the original facility with the stairs.  Plaintiff remained there until September 12, 2008 when he was again moved by Defendant Shumate.  This time Plaintiff was housed in a medical lockdown unit.  Defendant Oliver attempted to house Plaintiff with a violent murderer.  Defendants Oliver and Shumate housed Plaintiff with other violent cellmates.

Plaintiff seeks punitive and compensatory damages, and injunctive relief.

### IV.  ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to

---

[1] Plaintiff previously filed these claims in case 1:09-cv-00463-AWI-SMS.  In that action, the claims against Defendants Oliver and Shumate were dismissed without prejudice to being brought in a separate action.

3

>the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.    Retaliation

Plaintiff alleges that Defendant Shumate re-housed him in the facility with the stairs as retaliation for filing the grievance about originally being placed in a facility with stairs. Plaintiff also alleges that then he was placed in a medical lockdown unit as retaliation.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).    Being moved to a facility with stairs when Plaintiff is disabled could be an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation). Thus, Plaintiff has alleged facts sufficient to meet the first and third prongs of a retaliation

4

claim.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Morgan, 874 F.2d at 1314). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Plaintiff alleges that Defendant Shumate rehoused Plaintiff in a facility with stairs knowing that it pained Plaintiff to climb them. Plaintiff alleges that Defendant Shumate moved him in retaliation for a grievance filed by Plaintiff.

Upon arrival, Plaintiff was housed in a facility with stairs. He filed a grievance about this. Weeks later he was moved to a different facility without stairs. Then the next day, Defendant Shumate moved Plaintiff back to the original facility.

It appears that Plaintiff would like the Court to infer that the grievance was about Defendant Shumate or that Defendant Shumate was somehow aware of the grievance, as Plaintiff does not state either. As currently pleaded, the Court is unable to make a determination regarding the possible causation or motive of Defendant Shumate. Plaintiff fails to connect the grievance and Defendant Shumate's actions. Thus, Plaintiff has failed to meet the second prong.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Even though it appears that Plaintiff's First Amendment rights were not chilled as he continued to file grievances, the alleged actions of Defendant would chill or silence a person of ordinary firmness from pursuing First Amendment activities. Thus, Plaintiff has met the fourth prong for a retaliation claim.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff does not address this prong at all.

Because Plaintiff has failed to satisfy all elements of a retaliation claim, this claim fails. Plaintiff will be given one additional opportunity to amend to attempt to state such a claim.

**B.     Due Process**

Plaintiff alleges that he did not receive all of the due process required during his grievance hearing. Plaintiff states that Defendant Shumate did not sign Plaintiff's grievance.

Plaintiff appears to be alleging that Defendant mishandled his grievance forms.

6

Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Because Plaintiff has neither a liberty interest nor a substantive right in inmate appeals, Plaintiff fails to state a claim in this regard. Because amendment of this claim would be futile, the Court advises Plaintiff that he would be well-served devoting his energy to pursuing his other claims.

**C.     Access to the Courts**

Plaintiff alleges that Defendant Shumate somehow interfered with his right to access to the courts.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the

courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). Forward-looking claims allege "that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Christopher, 536 U.S. at 413. In these cases that have yet to be litigated, "the justification for recognizing that [forward-looking] claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." Id. As part of the requirement to plead an injury, a plaintiff must allege that "a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353; see also Christopher, 536 U.S. at 415. Simply stating that a claim is "nonfrivolous" due to the action of a government official will not satisfy the actual injury requirement. Christopher, 536 U.S. at 415. Rather, the nonfrivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Id. at 416. The plaintiff must describe this "predicate claim . . . well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. The complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-18; see Lewis, 518 U.S. at 353 n. 3 ("Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value-arguable claims are settled, bought and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of

Rule 11 sanctions.").

When a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-414, overruled on other grounds, Hust v. Phillips, 129 S.Ct. 1036 (2009)).

Having reviewed the allegations in the Complaint, the Court finds that Plaintiff has failed to state a claim for denial of access to the courts. Plaintiff fails to describe in detail any action that he was unable to pursue and also fails to show how such action would not have been frivolous. Thus, the Court dismisses this claim and will grant Plaintiff leave to amend this claim.

### D. Cruel and Unusual Punishment

Plaintiff alleges that he was subjected to cruel and unusual punishment by Defendants when they repeatedly placed violent and dangerous inmates with him.

While it is unclear whether Plaintiff was held as a pre-trial detainee at FCJ for the entire time span described in Plaintiff's Complaint and whether Plaintiff's claims should be characterized as Eighth Amendment or Fourteenth Amendment claims, the same "deliberate indifference" legal standard applies regardless of Plaintiff's incarceration status. Cloutheir v. County of Contra Costa, 591 F.3d 1232, 1241-44 (9th Cir. 2010) (deliberate indifference standard applies to claims that government officials failed to prevent harm). For the purposes of screening Plaintiff's claims, the Court will use the use the Eighth Amendment standards.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).  The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

As currently pleaded, the Court is unable to make a determination as whether Defendants had the requisite culpable state of mind.  Plaintiff merely states that Defendants Shumate and Oliver repeatedly placed violent cellmates with Plaintiff. Plaintiff states nothing else regarding this claim and his conclusory allegation is not sufficient to

10

state a claim. If Plaintiff would like to attempt to state such a claim, he must describe the surrounding circumstances in greater detail as well as connect Defendants Oliver and Shumate to the placement.

## V.     **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.    Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants. Plaintiff should focus the amended complaint on claim and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to

the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Amended Complaint" and refer to the case number 1:11-cv-747-AWI-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    October 12, 2011

UNITED STATES MAGISTRATE JUDGE